Grafton
No. 84-354

THE STATE OF NEW HAMPSHIRE

v.

JERRY RUFFING

October 30, 1985

*Stephen E. Merrill*, attorney general (*Andrew L. Isaac*, assistant attorney general, on the brief and orally), for the State.

*R. Peter Decato*, of West Lebanon, by brief and orally, for the defendant.

### MEMORANDUM OPINION

Lebanon police officers, who were lawfully present on premises in response to a claim of domestic violence, observed near the defendant a waterpipe (bong) of the sort used for smoking marijuana, the remains of several hand-rolled cigarettes and some rolling papers.

Aware that the officers had seen these items, the defendant knocked the cigarettes to the floor and attempted to grind them into the carpet with his booted feet. The officers arrested the defendant and seized the bong, cigarettes, and papers.

A search conducted at a later hour, pursuant to a warrant, revealed a baggie of marijuana in a shirt pocket and another baggie in a freezer located in the apartment. The defendant's girlfriend identified the shirt as belonging to the defendant. The defendant was subsequently tried in Superior Court (*Johnson*, J.) and convicted of possession of a controlled drug, second offense. *See* RSA 318-B:2, I, :26.

The defendant raises two issues on appeal. Relying on *State v. Ball*, 124 N.H. 226, 471 A.2d 347 (1983), the defendant first asserts that the police did not have probable cause to arrest him, and that the cigarettes and drug paraphernalia they later seized should have been suppressed. In *Ball* we held that a police officer did not have probable cause to seize a partially smoked hand-rolled cigarette observed by the officer in the course of a lawful vehicle stop. The basis for our holding was that the "plain view" doctrine did not apply because the incriminating nature of the evidence was not immediately apparent. *Id.* at 234–35, 471 A.2d at 352–53. We recognized, however, that if an officer can articulate additional corroborating facts, mere suspicion regarding possible contraband may be transformed into a reasonable belief based on probable cause.

> "For instance, it might be shown that the arresting officer had the ability to distinguish hand-rolled marijuana and tobacco cigarettes by sight, or that he perceived the odor of marijuana, or that the defendant made a furtive gesture in an attempt to conceal the cigarette, or that the defendant's conduct was otherwise incriminating."

*Id.* at 236, 471 A.2d at 353.

In this case the defendant's incriminating conduct and the presence of the bong provided ample justification for the arrest, and the seizure was therefore lawful.

The defendant also argues that it was error to deny his motion for a new trial on the basis of newly discovered evidence. We find this argument to be without merit.

*Affirmed.*

JOHNSON, J., did not sit.